Paul Anthony KENT, Plaintiff–
Appellant,

v.

PROVIDENT LIFE & CASUALTY
INSURANCE COMPANY; et al.,
Defendants–Appellees.

No. 03–56966.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2005.

Decided Aug. 10, 2005.

Gerald P. Peters, Thousand Oaks, CA,
Gary L. Tysch, Gary L. Tysch Law Of-
fices, Encino, CA, for Plaintiff–Appellant.

Robert F. Keehn, David J. Weinman,
Galton & Helm, Los Angeles, CA, for De-
fendants–Appellees.

Before THOMAS and BERZON, Circuit
Judges, and MAHAN,* District Judge.

MEMORANDUM **

Paul Anthony Kent appeals the district
court's decision finding that Provident Life

---

* The Honorable James C. Mahan, United States
District Judge for the District of Nevada, sit-
ting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

& Casualty Insurance Company ("Provident") did not abuse its discretion in denying his claim for long term disability benefits. Kent argues that the district court should have reviewed Provident's decision to deny benefits *de novo,* and that even if *de novo* review is not appropriate, that Provident abused its discretion by failing to account for relevant, objective medical evidence of his disability.

■ 1. The district court correctly determined that it should review Provident's decision only for abuse of discretion, not *de novo* review. When a federal court is called upon to review an ERISA trustee's decision to deny benefits, "a deferential standard of review for actions by the trustee is 'appropriate when the trustee exercises discretionary powers.'" *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1088 (9th Cir.1999) (en banc) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 111, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)). The agreement between Provident and Kent provides Provident with "full, exclusive and discretionary authority to control, manage, and administer claims, and to interpret and resolve all questions arising out of the administration, interpretation, and application of th[e] Policy." The deferential abuse of discretion standard of review is, therefore, appropriate.

We do not agree with Kent that we may review *de novo* Provident's handling of his claim because of a conflict of interest. We apply the *de novo* standard only if the plan administrator has a conflict of interest that "caused a serious breach of the plan administrator's fiduciary duty to [the plaintiff], the plan beneficiary." *Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1322 (9th Cir.1995). Kent has not provided "material, probative evidence," *id.* at 1323, of such a conflict by pointing to *Hangarter v. Paul Revere Insurance Co.,* 236 F.Supp.2d 1069 (N.D.Cal.2002), *rev'd in part,* 373 F.3d 998 (9th Cir.2004), as evidence of systemic bias against his claim.

Although he speculates that his case may have been decided as part of the "round table review" system, found illegal under California law in *Hangarter,* Kent has not provided evidence that his claim was so determined. Without such evidence, we cannot infer that Provident breached its fiduciary duty to Kent and may review Provident's decision only for an abuse of discretion.

As the Supreme Court has noted, however, "review for abuse of discretion w[ill] home in on any conflict of interest on the plan fiduciary's part, if a conflict was plausibly raised." *Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 384 n. 15, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002). Here, Provident was both the administrator of the plan and the entity that would pay the benefits from its own assets. That these dual roles are inherently in conflict and create incentives to deny meritorious claims is evident from the *Hangarter* litigation. Consequently, although we apply an abuse of discretion standard, we do so with more than ordinary care.

2. We turn to the specifics of Kent's claim, reviewing *de novo* the district court's decision on whether Provident abused its discretion. *See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 874 (9th Cir.2004).

■ We conclude that Provident abused its discretion in denying Kent's claim for long term disability benefits. "Although ... an ERISA administrator is entitled to substantial deference, it still must have some reasonable basis for its decision denying benefits." *Zavora v. Paul Revere Life Ins. Co.,* 145 F.3d 1118, 1123 (9th Cir.1998). In this case, Dr. Hashway's opinion, on which Provident based its final decision denying benefits, provided no such reasonable explanation. Kent had had a series of unusually serious cardiac problems requiring medical intervention

over a long time period, including at least eleven angiograms, seven angioplasties, four stent placements, quintuple bypass surgery, and sternum rewiring. He had an extremely responsible, high-level executive job. His doctors concluded that, although he had no immediate heart symptoms, the progress of his atherosclerotic disease was "not typical," and given his past history of developing serious heart problems anew while working, he could not continue to expose himself to the stresses of the workplace without endangering himself.

Dr. Hashway did not indicate that this conclusion was inconsistent with mainstream medical practice, nor did Dr. Hashway provide his own medical judgment concerning whether, given Kent's individual cardiac history, the nature of Kent's work, and the potentially fatal risks involved, contemporary standards of medical practice would include advice that Kent should leave his job. Instead, Dr. Hashway relied exclusively on the absence of "large, well-designed prospective studies undertaken, or currently underway, that have studied perceived job stress as a coronary atherosclerotic risk." Thus, Provident, through Dr. Hashway's carefully qualified statement, discounted the role of stress in the progression of atherosclerotic disease wholesale for absence of the most sophisticated scientific proof.

Medical advisors, however, often have no choice but to make well-considered decisions regarding the management of a patient's care in the absence of "large, well-designed prospective studies." Such exercise of expert medical judgment, based on a doctor's own experience and the patient's past history is particularly necessary when patients' lives are at stake. Here, the doctors who made an individualized assessment of Kent's *own* extreme history and applied their medical judgment to his case concluded that he should not take the risk

that continuing to work could generate yet another round of cardiac disease or death. Dr. Hashway's reasons, in contrast, do not indicate his exercise of such judgment, nor give any basis for discounting the exercise of judgment by the other doctors who evaluated Kent. *See Booton v. Lockheed Med. Benefit Plan,* 110 F.3d 1461, 1465 (9th Cir.1997) ("While a health plan administrator may—indeed must—deny benefits that are not covered by the plan, it must couch its rulings in terms that are *responsive* and intelligible to the ordinary reader." (emphasis added)). We conclude that Provident abused its discretion by denying benefits to Kent without providing a reasonable explanation that accounted for the medical evidence that was in the record. The district court's decision is, therefore, **REVERSED.**